UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
SEP 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ANDREW N. WHITE - 177989<br>Petitioner CCA/CTF<br>1901 E Street SE<br>Vs. Washington DC 20003<br><br>U.S. PAROLE COMMISSION | CASE NUMBER 1:05CV01811<br>JUDGE: John D. Bates<br>DECK TYPE: Habeas Corpus/2255<br>DATE STAMP: 09/13/2005 |

## HABEAS CORPUS

Now comes petitioner, Andrew N. White, pro se files with this Honorable Court to address a deprivation of a Constitutional Right regarding how the imposition of a lawful sentence is to be carried out. This motion comes in good faith therefore petitioner request this Honorable Court to grant a hearing on the merits. Petition for writ of Habeas Corpus Pursuant to title 28 U.S.C. Section 2241.

### FACTS PRESENTED

1. Petitioner was incarcerated in 1974, sentenced to 10 to 30 years and paroled (1985), after serving 10 ½ years or more in Case No 34691-74.

2. Petitioner was reincarcerated for technical violations of parole in 1991 and was reparoled in 1992; Case No 34691-74.

3. Petitioner was again incarcerated for technical violation of parole in 2004 and reparoled 90 days later (2004); Case No 34691-74.

4. Petitioner was finally arrested on June 9, 2005, for technical violations of parole, all related to the above titled ; Case No. 34691-74.

5. The U.S. Parole Commission has projected a long term release date of 2018,

1

forfeiting all credits of street time, the total number of good time credits, and adding 14 years to petitioner's sentence, which clearly violates ex post facto law & due process which is cruel and unusual punishment infliction under the United States Constitution.

6. Defendants violated Petitioner's due process rights by issuing and executing a parole violation warrant based on erroneous, exaggerated, and false information provided by Parole Officer (Christine Asher) to the U.S. Parole Commission.

7. The petitioner is a 55 year old male that has been diagnosed with myositis and is in constant pain and health continues to be at risk because medications and exercise necessary to maintain quality of life was interrupted for a period exceeding 10 consecutive days and medication was sporadically received for 45 days. Petitioner has been unable to receive proper medical care. The petitioner's wife has had to bring medicine (facility did not have medication) after several attempts to inform medical staff of the importance of petitioner taking medication without interruption (serious side effects). Petitioner has been awarded disability benefits due to poor health but due to incarceration can not receive which has put a hardship on petitioner's wife due to prior medical bills that have accumulated. Petitioner's wife is a cancer patient at the George Washington University Medical Faculty Associates. Petitioner has not been able to continue previous drug rehabilitation program, receive mental health treatment or be monitored by team of established doctors at Medical Faculty Associates who are familiar with his illness(es).

## ARGUMENTS

The U.S. Parole Commission has issued a parole violation warrant on May 17, 2005, the warrant was executed on June 9, 2005, and there was a probable cause hearing on June 13, 2005. At this hearing, the hearing examiner ordered a <u>local revocation</u> hearing that was scheduled for August 11, 2005. However, petitioner has not received any such revocation hearing that is to be held within sixty (60) days of the probable cause finding (U.S. Parole Commission Rules and Procedures, title 28 (F.R. 2-101 /2-102-F). Petitioner's wife was notified that a September 29 hearing is scheduled which 60 or more days had passed the revocation hearing deadline. (V. Long v Micheal J. Gaines; 67 F. Supp 2.d – case; 173 F. Supp 2-D Judges Report compliance to time restriction). This violation of petitioner's due process rights guaranteed under the United States Constitution is cruel and unusual punishment.

It is well established law, rules and/or practices that a defendant must be given Credit on anytime spend in custody on the sentence are serving when any court hands down it's sentence the sentence has a start date and a stop date, unless a warrant is issued to stop the sentence for escape or failure to report on parole.

Petitioner contends that he has always remained in lawful custody of the U.S. Attorney General even when placed on parole and all credit must be granted unless a Warrant was issued to stop the petitioner's time and escape is only way time could possibly stop. Assuming arguendo if a federal judge can not stop his sentence. Once executed, what could give the U.S. Parole Commission the power to exceed a Judge?

The interpretation of the statue 24-(a) and 24-206 as applied in this case (per Noble vs. U.S. Parole Commission 887 F: Supp II (D.D.C. 1995). Since section

3

24-206 controls prison parole before April 18, 1987 and 24-431 controls prisoner paroled after the date which means prisoner's street time cannot be rescinded because legislature granted the time spent on parole because parole time is still custody (lawful custody). Though sentences may be aggregated, street time cannot be rescinded or it creates a violation of Ex Post Facto violation of Article I Section 9, clause 3 of the U.S. Constitution, the law of the land.

Judge Ferreen points out in the Noble 693 A:2d at…IIII the legislation has decreed in ambiguous language that all defendants shall receive credit for street time. It is not the court's role to question that decision. Also At…1108 "The court even in a good cause may not impose on words a meaning that they will not bear U.S. vs. Nord Duetscher Lloyd 186 F.391, 395 (S.D.N.Y. 1911) 223 U.S. 512, 32 S. Ct. 244, 56 L.ED.531 whether "the cause" in the case is good or bad is not for the court to decide but the words for section 24-431(a) will not bear the meaning that was intended. The correct rule of interpretation is that if different statues relate to the same thing they ought all be taken into consideration, Luck I supra 617.A2dat514.

When legislation contemplates passing a new statue, it is careful to search the Statue book for any statue that might overlap the new one and if it finds any such Older statue…in force it repeals it explicitly when passing the new one. The presumption against implied repeals is founded upon doctrine that the legislature is presumed to envision the whole body of the law when it enacts new legislation Sutherland Statutory Construction 23.10 apt. 346 (4th Ed 1985) Edward v. U.S. 814 f.2d 486. 488(7th Cir. 1987). In short at…People v. Sims 38 Mich. App. 127. 195 M/W/ 2d 766)1972), a parole granted, a prisoner, and not as a release, and while so at

4

large he shall be deemed to be still serving out the sentence imposed upon him by the court and shall be entitled to good time the same as if he were confined in prison.

The court is also asked to take notice of (footnote 10) Noble 693 A.2d 1084 (D.C. App 1997) where in the bill provision was subsequently deleted authorizing credit for street time spend on probation.

### REMEDY/RELIEF

The petitioner has completed his 30 year sentence (Case No. 34691-74) 1974 through 2004, and defendant in this case is without jurisdiction. Wherefore, petitioner humbly request this court to issue a writ of habeas corpus and subgiciendum commanding respondent to produce the body and petitioner before this court, at a time and place to be specified by this court, so that this court may further, inquire into the lawfulness of respondent's custody of petitioner; to discharge petitioner from respondent's custody and to grant petitioner such other and further relief to which petitioner may be entitled in this proceeding.

Respectfully submitted, pro se

Andrew N. White - DCDC#177989
CCA/CTF
1901 E Street, SE
Washington, DC  20003

Attachments

cc: U.S. Parole Commission

5