# Exhibit 10

U.S. DEPARTMENT OF JUSTICE 
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION
D.C. Code Offender

Name .............................. White, Andrew

Reg. No ......................... 27485-016
DCDC No ...................... 177-989
FBI No ........................... 501278G
Birth Date ......................
Race ...............................

Date ............................................ May 17, 2005
Termination of Supervision ..... September 23, 2018
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ......................... July 28, 2004
Released .................................. July 27, 2004

Sentence Length ........... 30 years (Original); 5263 days (PV Term)
Original Offense ............. Attempted Robbery; Armed Robbery; Robbery

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

Charge No. 1 - **Failure to Submit to Drug Testing**. The releasee failed to submit urine specimens on 20 occasions between 7/28/2004 and 5/4/26/2005. This charge is based on the information contained in the violation reports dated 3/1 and 5/5/2005 from supervising officer Christina Asher.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 2 - **Use of Dangerous and Habit Forming Drugs**. Between 8/13/2004 and 5/5/2005, the releasee submitted urine specimens that tested positive for:

Opiates on 32 occasions

White, Andrew
Reg. No. 27485-016    DCDC No. 177-989

/0

Cocaine on 20 occasions
Marijuana on 10/5/2004 and 4/18/2005

This charge is based on the information contained in the violation reports dated 3/1 and 5/5/2005 from supervising officer Christina Asher and the corresponding SMART drug status report.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The subject was instructed to report to Blair House residential treatment facility on 4/21/2005 and to have all medical prescriptions filled prior to his admission. The subject failed to fill the prescriptions and subsequently was never admitted to the facility. This charge is based on the information contained in the violation report dated 5/5/2005 from supervising officer Christina Asher.
I ADMIT [ ] or DENY [ ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued................... May 17, 2005

Tiffany R. Moore, Case Analyst Trainee
U.S. Parole Commission

Community Supervision Office Requesting Warrant: SAINT/HIDTA-Team 33, 300 Indiana Avenue

---

White, Andrew
Reg. No. 27485-016    DCDC No. 177-989