# Exhibit 12

## HEARING SUMMARY

Name: White, Andrew　　　　　　　　　　　　　　　　Reg No: 27485-016

**Hearing Parameters**

    Hearing Type ................................: **Revocation (Local)**

    Hearing Date ................................: September 29, 2005

    Examiner ......................................: Sandra G. Hylton

    Institution ....................................: D.C. Correctional Treatment Facility

    Second Designation ....................: Unknown

**Sentence Parameters**

    Sentence Type ............................: **DC Parole Eligible**

    MR/Statutory Release Date .........: 12-10-14

    Full Term Date ............................: 8-5-19

    Months in Custody ......................: 4 as of 10-8-05

    Detainer .......................................: NA

**Warrant Parameters**

    Supervision ................................: **Parole**

    Revoking District & Office ..........: CSOSA

    Warrant Execution Date ..............: 6-9-05

    Probable Cause Date ..................: 6-14-05

Additional text regarding the above parameters: NA

---

Prior Action: See PHA dated 8-3-05.

Counsel: Mr. Vincent Haskell, PDS 633 Indiana Ave. Washington, DC.

Witnesses: CSO Christina Asher and SCSO Deandro Baker were requested for the 8-11-05 hearing. They were not present at today's hearing and there is no indication that they were requested.

Volunteer Witness; Joyce White (subject's wife) of ███████████████████████████ was present at the hearing. She provided verbal testimony and presented a letter, which is included in the packet. She indicated that she was in full support of her husband and attended meetings with him at the CSO's office in addition to accompanying him to his referral to the Blair House and subsequently Psychiatric Institute and Family Services. Ms. White confirmed that the subject was not able to get into Blair House because he initially did not have a 30-day supply of medication(psychotropic) and after several days and much effort to obtain the medication he was told he could not enter the program and to report to his CSO. He did as instructed, however

White, Andrew, Reg. No. 27485-016　　　　　　　　　　　　　　　Page 1 of 6

12

in the meantime, Mrs. White got the subject into the Psychiatric Institute using her own medical insurance, followed by Family Services aftercare. However the subject was arrested after attending only one meeting.

Mrs. White testified that the subject followed all the CSO's instructions in spite of his medical condition, Myositis, which causes the muscles to fail. Because of the illness on occasion the subject would be in pain and could not move.

Mrs. White confirmed that the subject lived with her and was not homeless as indicated in a letter written by CSO Asher to the Blair House. Mrs. White reported two residences, one in DC and the other in MD and started that she lived at both residences. She stated she is well aware of her husband's need for drug treatment and will do everything she can to see to it that he complies with all treatment recommended.

**Procedural Considerations:** Mr. Haskell noted the absence of the CSO and his supervisor.

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing**
   Violation Behavior: The releasee failed to submit urine specimens on 20 occasions between 7-28-04 and 5-4-05.
   Evidence Presented: The subject admitted the above charge.
   Findings of Fact: This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   Basis: Your admission to this examiner.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**
   Violation Behavior: Between 8-13-04 and 5-5-05, the releasee submitted urine specimens that tested positive for Opiates on 32 occasions, cocaine on 20 occasions and Marijuana on 10-5-04- and 4-18-05.
   Evidence Presented: The subject admitted the above charge. He added that the opiates were for prescription Tylenol #3 that he was taking for pain related to his illness.
   Findings of Fact: This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   Basis: Your admission to this examiner.

**Charge No. 3 - Violation of Special Condition (DAPS)**
   Violation Behavior: The subject was instructed to report to Blair House residential treatment facility on 4-21-05 and to have all medical prescriptions filled prior to his admission. The subject failed to fill the prescriptions and subsequently was never admitted to the facility.
   Evidence Presented: The subject denied the above charge. The subject via his attorney stated that he reported to Blair House as instructed however, because he did not have a 30 day supply of medication he was not allowed in the program. He went to his physician who would not see him on that day but gave him and appointment a week later. He kept this appointment and upon getting his prescription he returned to the program where he was told he could not enter the program upon his PO's instructions and that he was to report to her. He reported to his CSO, was placed on daily reporting, and was given an SCSO

White, Andrew, Reg. No. 27485-016                               Page 2 of 6

conference/reprimand. Through the efforts of his wife he entered Psychiatric Institute with follow up to Family Services. However after attending only one meeting the CSO called him to her office and he was arrested for parole violation.

Mr. Haskell presented documentation verifying the subject's medical condition, Treatment at human services from 5-9-05 to 5-17-05, verification from Blair House that the subject reported, letter from Dr. Sherron at DC Mental Health Services, copy of psychological assessment dated 6-5-05 from Dr. Sherron, copy of discharge summary from Psychiatric Institute of Washington noting the subject's medications, medical history, diagnosis and treatment, letter from Martin Luther King, Center noting the subject's attendance on 6-8-05 and letter of acceptance into the program dated 8-11-05 once his release, a note indicating the subject's diagnosis of polymyositis from Dr, Dalal, a summary of what Myositis is, and a copy of the letter from Ms. Asher to the Director at Blair House stating the subject was homeless and has no place of his own which was a requirement for Blair House (note the subject was not homeless).
**Findings of Fact:** This examiner finds that the subject did not violate the conditions of release as indicated in the above charge.
**Basis:** The supporting document/evidence presented by the subject and his attorney as well as testimony provided by the subject's wife.

The RAV and the running record indicate the subject attempted to enter the Blair House and through no fault of his own he was not able to enter the program. He was reprimanded and sanctioned for this violation. Additionally, his wife took it upon herself to get the subject into another program.

Discipline: None

Release Plans: The subject plans to live with his wife, Joyce White at ████████████████████████
████

Guideline Parameters

Severity Justification:    Category One because it involved administrative violations.
Salient Factor Score:    3

Modifications From Prehearing: The subject's birthday was listed as ████. It is actually ████. Additionally, there were other errors noted which were corrected other than those listed below on the PHA which is attached.

Salient Factor Score Items
   1 - Item A
   0 - Item B
   1 - Item C
   0 - Item D
   0 - Item E
   1 - Item F

Re-parole Guideline Range:.............. 12-16
Total Guideline Range:.................... 12-16

White, Andrew, Reg. No. 27485-016                                         Page 3 of 6

Evaluation: The subject acknowledged his violations but offered mitigating circumstances. The subject suffers from a debilitating disease, which at times affects his mobility. He was taking prescription medication but also admits that he used illegal substances on occasion. He made every attempt to get into treatment as instructed by his CSO but was not allowed to enter after he obtained the required amount of psychotropic medication as instructed. He was sanctioned for not going into the program and placed on daily reporting. In the meantime he was able to get into the Psychiatric Institute with follow up at Family Services. It appears that the warrant had been requested on 5-5-05. The CSO had placed the subject on daily reporting and a SCSO conference was held with him on 5-5-05. The CSO was not present at the hearing to present any additional adverse information. The subject presented documentation, which verified his participation and completion of Psychiatric Institute and attendance at Family Services after 5-5-05.

The subject has been incarcerated since 6-7-05. The subject does not appear to present a more serious risk to the community and was making every attempt to be in compliance of his release by following his CSO's instructions. The violations do not warrant revocation at this time. Reinstatement to supervision followed by special drug and mental health aftercare is recommended. Mental Health aftercare is recommended as it was noted that the subject was taking psychotropic medications in May 2005.

Recommendation: Violation found is not deemed sufficient for revocation. Reinstate to Supervision.

Conditions: Special drug and mental health aftercare conditions.

Statutory Interim Hearing: NA

Guideline Use: Not Applicable.

Additional Text: NA

I certify that I have reviewed this hearing summary.

*Sandra B. Hylton*

Sandra G. Hylton, Hearing Examiner


Executive Reviewer's Comments: Kostbar – 10/18/05

The Examiner has found that the subject did repeatedly use drugs and failed to repeatedly submit to drug testing based upon the subject's testing results and the subject's own admission at the revocation hearing.

The Examiner recommended no finding regarding his failure to report to Blair House on 4/15/05 with his medical prescriptions filled prior to admission. She makes this no finding due to evidence presented which indicates that he attempted to get an appointment with his doctor to get prescriptions filled but was put off for a week. This caused him not to be able to enter Blair House. He did however, arrange through his wife's insurance to enter Psychiatric Institute with follow up services. The Examiner recommended a no finding on this charge as his failure to enter the Blair House was through no fault of his own.

White, Andrew, Reg. No. 27485-016                                                            Page 4 of 6

This Examiner notes that the subject now faces his 4th revocation of parole on this term. The CSO on page two of his warrant request notes that the subject is difficult to supervise, is fully aware of his parole obligations and "chooses to manipulate" the system.

On charge #1 the subject on 20 occasions in a 10 month time frame did not appear for Drug Testing. On Charge #2 the subject in a 9 month period tested positive 32 times for Opiates and 20 times for marijuana. This Examiner believes that these multiple violations, in and of themselves, warrant a top of the guideline, 16 month reparole decision, at a minimum.

As for charge #3, the subject indeed failed to enter the program as instructed even though he was given a couple of opportunities. He claimed that he tried to get his 30 day prescription matter in order but could not get a doctor appointment in time. He then was told to report to CSO office daily on 5/2/05 but he missed reporting on 5/4/05 but did report on 5/6/05.

This Examiner believes that there were many ways this individual could have resolved his medication issue and thus allow him to enter Blair House as instructed. He could have requested that his medications be filled via the phone by the Doctor. He could have requested the assistance of the CSO to work with the Doctor to obtain the medications. He could have requested the CSO call the doctor's office and request and "emergency" appointment soon than the subject had scheduled himself. None of this was done. Thus, I find that the subject DID violate this charge, Charge #3. While there may be some factors of mitigation in this situation, I find that the subject did violate the charge. I do not agree with the Examiner that this was through "no fault of his own". I view this situation as a manipulation of the system by the subject by being rather passive regarding the matter of problem solving in order to resolve the matter of filling his prescriptions to allow him to enter Blair House.

Finally, makes the Commission makes no finding of fact on Charge #3, this would not, in my opinion, warrant a reinstatement to parole on this 4 time violator, noted by the CSO to be manipulative and who has repeatedly used drugs and failed to take drug tests over a long period of time.

Recommendation:

Charge #1 – Failure to Submit to Drug Testing
Finding of Fact: Yes
Basis – Admission

Charge #2 – Use of Dangerous and Habit Forming Drugs
Finding of Fact: Yes
Basis – Admission

Charge #3 – Violation of Special Drug Aftercare Condition
Finding of Fact – Yes
Basis – CSO Asher Report of 5/5/05

Revoke Parole, none of the time spent on parole shall be credited, continue to a presumptive reparole after service of 16 months, 10/7/06, with the special mental health aftercare condition and the special drug aftercare condition.

A decision outside the guidelines is not warranted.

SGH
September 30, 2005