UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW N. WHITE,

    Petitioner,

        v.

UNITED STATES PAROLE
COMMISSION,

    Respondent.

Civil Action No. 05-1811 (JDB)

**MEMORANDUM OPINION**

Petitioner, a federal inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the actions of the United States Parole Commission ("USPC"). Respondent has submitted an opposition to the petition. Because the Court finds that the USPC did not violate petitioner's constitutional rights, the petition will be denied.

**I. Background**

On January 22, 1975, in the Superior Court of the District of Columbia, petitioner was sentenced to an imprisonment term of ten to thirty years. Petition for Writ of Habeas Corpus ("Pet."), ¶ 1; USPC's Opposition to Petition for Writ of Habeas Corpus ("Resp. Opp."), Exhibit ("Ex.") 1. Petitioner was granted parole by the District of Columbia Board of Parole ("D.C. Board") on May 17, 1985. *Id.*, Ex. 2. The D.C. Board ordered that petitioner remain under parole supervision until November 4, 2004. *Id.*

The D.C. Board revoked petitioner's parole on June 3, 1991. *Id.*, Ex. 3. Petitioner was

reparoled by the D.C. Board on September 27, 1991, with the requirement that he remain under parole supervision until July 6, 2007.  *Id.*, Ex. 4.  Petitioner's parole was again revoked by the D.C. Board on November 23, 1992.  *Id.*, Ex. 5.  The D.C. Board reparoled petitioner on February 8, 1993, and required that he remain under supervision until July 8, 2007.  *Id.*, Ex. 6.

In August 1998, parole authority over D.C. Code offenders was transferred from the D.C. Board to the USPC.  *See* D.C. Code § 24-1231; *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).   The USPC revoked petitioner's parole on May 27, 2004.  Resp. Opp., Ex. 7.  In addition, the USPC ordered that petitioner receive no credit for the time he spent on parole, *i.e.*, street time, and that he be reparoled after serving an imprisonment term of three months.  *Id.*  Petitioner was released on parole by the USPC on July 27, 2004, with the requirement that he remain under supervision until September 23, 2018.  *Id.*, Ex. 8.

On May 17, 2005, the USPC issued a parole violator warrant charging that petitioner failed to submit to drug testing, used dangerous and habit forming drugs, and failed to comply with the special condition of parole that he report to a residential treatment facility for drug aftercare.  *Id.*, Ex. 10.  The charges were based on violation reports submitted by petitioner's parole officer.  *Id.*  On May 19, 2005, petitioner was arrested pursuant to the USPC's warrant.  *Id.*, Ex. 11.

Petitioner filed his petition for writ of habeas corpus in this Court on September 13, 2005.  Pet., p. 1.  The petition alleges that (1) the USPC violated petitioner's due process rights and the *Ex Post Facto* Clause of the Constitution when it forfeited his street time; (2) the parole violator warrant was based on false information provided by his parole officer; and (3) the USPC's delay in conducting a parole revocation hearing violated due process and constituted cruel and unusual

punishment.  *Id.*, pp. 1-3.

The USPC conducted petitioner's revocation hearing on September 29, 2005.  *Id.*, Ex. 12. Petitioner was represented by counsel at the hearing.  *Id.*  The hearing examiner recommended that petitioner's parole be revoked based on petitioner's admission that he committed three of the four parole violations charged.  *Id.*  On October 19, 2005, the USPC revoked petitioner's parole, ordered that he receive no credit for the time spent on parole, and that petitioner serve 16 months before reparole.  *Id.*, Ex. 13.

## II. Discussion

Petitioner contends that his parole revocation violated his right to due process because the USPC relied on false information from his parole officer in reaching its decision.  The Court will overturn a parole revocation decision only if it was an abuse of discretion.  *Whitehead v. U.S. Parole Comm'n*, 755 F.2d 1536, 1537 (11th Cir. 1985); *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152, 1156 (6th Cir. 1984); *Allston v. Gaines,* 158  F.Supp. 2d  76, 79-80 (D.D.C. 2001).  To comply with the minimum requirements of due process, a parole revocation requires (1) written notice of the claimed violations;  (2) disclosure to the parolee of the evidence against him; (3) the opportunity to be heard in person and present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole.  *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

Parole revocation is not akin to a criminal prosecution.  *Id.*  "It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."  *Id.*  Thus, the standard of

3

proof in a parole revocation proceeding is preponderance of the evidence. *Allston*, 158 F.Supp.2d at 80.  Only if the parole board's decision was totally lacking in evidentiary support or so irrational as to be fundamentally unfair, would parole revocation deny due process. *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir.), *cert. denied*, 537 U.S. 863 (2002).

Petitioner's parole was revoked in compliance with due process.  Petitioner was given written notice of the charges and disclosure of the evidence against him.  He was represented by counsel at the hearing.  Moreover, the USPC's revocation decision was based on sufficient and reliable evidence.  The violations in this case were based on petitioner's failure to submit to drug testing, urine specimens submitted by petitioner that tested positive for cocaine and marijuana, and plaintiff's failure to report to a residential treatment facility. *See* Resp. Opp., Ex. 10. Petitioner's parole was revoked based on his own admissions of that conduct. *See* Resp. Opp., Ex. 12.  Even if the USPC had considered the written reports from petitioner's parole officer, reliance on such evidence is not improper. *See Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir.)(reliance on police investigative report at parole revocation not a violation of due process), *cert. denied*, 540 U.S. 856 (2003).

Petitioner also claims that the USPC's delay in conducting his revocation hearing violated due process.  A parolee has the right to a revocation hearing within a reasonable time after the parolee is taken into custody. *See Morrissey*, 408 U.S. at 488; *Ellis v. District of Columbia*, 84 F.3d 1413, 1421 (D.C. Cir. 1996).  Whether a delay violates due process depends on the length of and reasons for the delay. *See Ellis*, 84 F.3d at 1424.  Delays of between 195 days and 33 months have been found to be unreasonable. *See Pate v. United States*, 277 F.Supp.2d 1, 5-6 (D.D.C. 2003)(discussing cases).

In this case, petitioner was arrested for the parole violations on May 19, 2005. *See* Resp. Opp., Ex. 11. The USPC held the revocation hearing on September 29, 2005. Hence, petitioner was in custody over four months before he was afforded a revocation hearing. This delay arguably might be considered unreasonable. But even assuming that the delay was excessive, to obtain habeas relief petitioner must show that prejudice resulted from the delay. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *Allston*, 158 F.Supp.2d at 81; *Crum v. U.S. Parole Comm'n*, 814 F.Supp. 1, 3 (D.D.C. 1993). It is undisputed that petitioner had violated his parole. In fact, petitioner was found in violation of his parole based on his own admissions. Moreover, the Parole Commission granted petitioner credit for the time he spent in custody prior to his parole revocation. *See* Resp. Opp., Ex. 13. Petitioner therefore has not demonstrated the requisite prejudice.

Petitioner also contends that the forfeiture of his street time by the USPC violated the *Ex Post Facto* and Due Process Clauses of the Constitution. Petitioner's claim arises from decisions of the District of Columbia Court of Appeals resolving an apparent conflict between two District of Columbia statutes and the interpretation of those statutes by the District of Columbia Department of Corrections. The two statutes at issue posed an apparent conflict on the issue of street time forfeiture following a parole revocation. One statute, enacted in 1932, provided that "[i]f the order of parole shall be revoked ... [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-206(a). In 1987, the District of Columbia enacted a statute that appeared to grant street time credit to parole offenders: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the

5

sentence was imposed." D.C. Code § 24-431(a).

After being advised by Corporation Counsel that the latter statute repealed the former, the D.C. Department of Corrections promulgated a regulation providing that parole revocation would not result in the loss of credit for street time toward service of the sentence for which parole has been granted. *See Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001). But that regulation was invalidated by the decision in *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997). In that case, the District of Columbia Court of Appeals held that the law enacted in 1932 providing for loss of street time upon parole revocation was not repealed by the statute enacted in 1987. *Id.* at 1095. As a result, because the agency had erroneously granted street time credit, the Department of Corrections was required to change its method of computing a person's sentence. *Davis*, 772 A.2d at 208. The District of Columbia Court of Appeals ruled, in a subsequent decision, that *Noble* was retroactive and therefore applied to persons who committed their offenses before the issuance of the *Noble* decision. *See id.* at 215.

Petitioner's street time was forfeited because of a judicial decision invalidating a policy of the D.C. Department of Corrections. A judicial construction of a statute is "an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311-12 (1994). However, an unforeseeable interpretation of a statute that increases punishment, if applied retroactively, violates due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964). A judicial construction of a statute is not foreseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." *Id.* at 354.

The decision of the D.C. Court of Appeals in *Noble* was not so unforeseeable as to

amount to a due process violation. First, the D.C. statute that required the forfeiture of street time had never been repealed. *See Davis*, 772 A.2d at 216. Moreover, petitioner was on notice that at the time the Department of Corrections implemented its policy, the United States Parole Commission took a contrary view of D.C. law and continued to forfeit street time upon revocation of parole. *Id.* at 209; *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998)(interpreting *Noble*), *cert. denied*, 525 U.S. 1075 (1999). And at the time petitioner violated his parole, the only judicial decision that had addressed the issue found that the D.C. statute providing for the forfeiture of street time had not been repealed by the subsequent D.C. statute and the Department of Corrections policy. *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir.), *cert. denied*, 502 U.S. 845 (1991). For these reasons, the invalidation of the D.C. Department of Corrections' statutory interpretation did not violate the *Ex Post Facto* Clause. *See Davis,* 772 A.2d at 215-16; *accord McQueen v. United States Parole Comm'n*, 2005 WL 913151, at *2 (D.D.C, Apr. 19, 2005); *Simmons v. United States Parole Comm'n*, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005); *Wade v. Figueroa,* 2005 WL 607974, at *2 (D.D.C. Mar. 15, 2005).

### III. Conclusion

In revoking petitioner's parole, the USPC afforded petitioner due process and did not otherwise violate his constitutional rights. His petition, therefore, will be denied and the case dismissed. A separate order accompanies this Memorandum Opinion.

                                                             JOHN D. BATES
                                                    United States District Judge

DATE: December 23, 2005