UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW N. WHITE,

    Petitioner,

        v.                             Civil Action No.  05-1811 (JDB)

U.S. PAROLE COMMISSION,

    Respondent.

## ORDER

    Presently before the Court is an order from the United States Court of Appeals for the District of Columbia Circuit directing this Court to determine whether a certificate of appealability ("COA") is warranted.  Congress has restricted prisoner appeals from denials of habeas corpus petitions by limiting COAs to situations where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Although petitioner need not demonstrate that he is likely to succeed on appeal, he must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." See United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004) ("petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Upon consideration of the application for a COA, and having reviewed the December 23, 2005,

memorandum opinion and order denying the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court concludes that the grounds for that decision are not susceptible to debate among reasonable jurists and, therefore, that issuance of a COA would be inappropriate.

As this Court explained in its earlier decision, petitioner's due process rights were not violated by the use of false information in his parole revocation hearing or any delay in that hearing. Petitioner admitted to three of the four violations involved, and did not demonstrate any prejudice from delay in his hearing. Moreover, the forfeiture of his street time by the United States Parole Commission was consistent with the governing case law and hence did not violate the Ex Post Facto clause or due process. See Davis v. Moore, 772 A.2d 204 (D.C. 2001); United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C. 1997). Finally, as this Court also explained, the Noble decision was not so unforeseeable that a retroactive application violates due process.

Accordingly, the Court concludes that petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and it is this 3rd day of March, 2006, hereby

ORDERED that a certificate of appealability is DENIED.

                     /s/
             JOHN D. BATES
          United States District Judge

Copies to:

Andrew N. White, #27485-016
Rivers Correctional Institution
145 Parkers Fishery Road
Winton, NC 27986

Jenifer Wicks
Law Offices of Jenifer Wicks
503 D St., NW, Suite 250A
Washington, DC 20001

Geoffrey L.J. Carter
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20004