# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5022**          **September Term, 2006**

05cv01811

**Filed On:**

Andrew N. White,
      Appellant

v.

United States Parole Commission,
      Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

OCT 2 5 2006

CLERK

**BEFORE:** Rogers, Griffith, and Kavanaugh, Circuit Judges

### ORDER

Upon consideration of the United States Parole Commission's ("USPC") motion to dismiss for lack of a certificate of appealability ("COA"); the order to show cause and the response thereto; and the motions for appointment of counsel; it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motions for appointment of counsel be denied. The interests of justice do not warrant appointment of counsel in this case. See 18 U.S.C. § 3006A(a)(2)(B). It is

**FURTHER ORDERED** that the motion to dismiss for lack of a COA be granted. See 28 U.S.C. § 2253(c). Because appellant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), issuance of a COA is unwarranted in this case. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not demonstrated his argument that the USPC's parole revocation decision violated due process is "debatable among jurists of reason," United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (internal citation omitted), as there is no indication the USPC's decision was "lacking in evidentiary support or . . . so irrational as to be fundamentally unfair." Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002) (internal citations omitted). Moreover, although petitioner now contends the USPC erred in denying him "educational good time" credits when revoking his parole, petitioner waived this argument by failing to raise it in his habeas petition. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); United States v. Hylton, 130 F.3d 130, 1135-36 (D.C. Cir. 2002). Nor would "jurists of reason" find "debatable" petitioner's argument that the USPC erred in refusing to credit the "street time" he earned prior to revocation of his parole. See United States Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997) (loss of street time following revocation of parole mandated by D.C. Code § 24-206(a); see also Davis

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5022**                                      **September Term, 2006**

v. Moore, 772 A.2d 204, 215 (D.C. 2001) (retroactive application of Noble did not violate Ex Post Facto Clause, as decision was not unforeseeable at time of underlying conduct).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because no certificate of appealability has been allowed, no mandate will issue.

**Per Curiam**